# SETTLEMENT AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between **GREGORIO CERCADO** (hereinafter referred to as "Plaintiff") and **FRIEDLAND PROPERTIES INC. and LARSTRAND CORPORATION (collectively "Larstrand")**, regarding Plaintiff's employment and the settlement of any and all wage-related claims that Plaintiff has or may have against Larstrand and Defendants Amaury Lopez and Anthony Torres (with Larstrand hereinafter "Defendants",.

**WHEREAS**, Plaintiff has commenced an action against Defendants in the Southern District of New York, United States District Court, bearing Docket No.: **23-CV-8137** alleging wage and hour violations under the Federal Labor Standards Act and New York Labor Law.

**WHEREAS**, Defendants deny that they failed to pay Plaintiff all wages owed to him;

**WHEREAS**, Defendants do not admit any violation of law or any liability to Plaintiff;

**WHEREAS**, Plaintiff and Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, Defendants and Plaintiff, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

**1.    Payment**

In lieu of incurring further litigation costs associated with defending the action commenced against them by Plaintiff and in consideration for Plaintiff's execution of this Agreement, which includes a release, Defendants agrees to the following payment terms:

a.    **Within thirty (30) days of Court approval of this Agreement,** Larstrand shall cause Plaintiff to be paid the gross sum of Forty Thousand Dollars and Zero Cents ($40,000.00) inclusive of attorneys' fees and costs ("Settlement Funds"), payable as follows:

i. One certified, bank or attorney escrow check in the amount of Thirteen Thousand One Hundred Ninety-Nine Dollars and Thirty-Three Cents ($13,199.33), representing alleged liquidated damages and alleged statutory penalties, payable to Gregorio Cercado, for which Plaintiff will be issued a Form 1099.

ii. One payroll check in the gross amount of Thirteen Thousand One Hundred Ninety-Nine Dollars and Thirty-Three Cents ($13,199.33), less applicable taxes and deductions, representing alleged unpaid overtime wages, payable to Gregorio Cercado, for which Plaintiff will be issued a Form W-2.

iii. One certified, bank or attorney escrow check in the amount of Thirteen Thousand Six Hundred One Dollars and Thirty-Four Cents ($13,601.34),

1

representing attorneys' fees and expenses, payable to Helen F. Dalton & Associates, P.C, for which the firm will be issued a Form 1099.

b.  Plaintiff's counsel shall provide Defendants' counsel with Forms W-4 and W-9 for Plaintiff and a Form W-9 for the firm simultaneous with the execution of this Agreement.

c.  The Settlement Funds will be provided to Helen F. Dalton & Associates, P.C., 80-02 Kew Gardens Road, Suite 601, Kew Gardens, New York 11415.

## 2. Stipulation of Dismissal

The Plaintiff shall file a stipulation of dismissal with prejudice as to all claims brought against Defendants in this action within five (5) days from receipt of full payment as set forth in Paragraph 1(a)(i)-(iii). Notwithstanding the filing of the Stipulation of Dismissal, the parties agree that this Court, the United States District Court, Southern District of New York, will retain jurisdiction over this matter in the event either party defaults with respect to their obligations under the Agreement and to enforce the terms of the Agreement.

## 3. Settlement of Claims

Except as otherwise stated, upon execution of this Agreement, all claims brought under the Complaint (**SDNY Case No.: 23-CV-8137**) by Plaintiff against Defendants, including claims for wages, liquidated damages, statutory penalties, and attorneys' fees and without admission that Plaintiff have established that any such claims have any merit or that Plaintiff have incurred any damages, shall be deemed settled, satisfied and resolved.

## 4. Non-Admission

This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever and Plaintiff expressly acknowledges that Defendants continue to deny any wrongdoing arising out of Plaintiff's employment and separation thereof.

## 5. Representations

Plaintiff understands and agrees that he has been advised to consult with an attorney before signing this Agreement.

## 6. Release

In consideration of the payments, benefits, agreements and other consideration to be provided by Larstrand as described in the Agreement, Plaintiff, his successors and assigns, HEREBY RELEASES AND FOREVER DISCHARGES, to the maximum extent permitted by law, Defendants, any insurers of Defendants, and Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and

DocuSign Envelope ID: 7975BEF4-4560-405E-B848-7768774B7BA6

former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns, and attorneys of and from all causes of action and claims based on the facts which were alleged in the Complaint filed in the action, specifically including Fair Labor Standards Act and New York Labor Law, and its associated regulations concerning unpaid wages of any kind, including overtime wages, minimum wages, and spread of hours compensation, record-keeping violations and failure to provide proper wage statements or wage notices, which Plaintiff now has or has ever had.

7. **Attorneys' Fees**

Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation.

8. **Oral Modifications Prohibited**

This Agreement represents the entire agreement between Plaintiff and Larstrand with respect to Plaintiff' employment with Larstrand. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

9. **Enforcement of the Agreement**

This Agreement shall be governed by the laws of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

10. **Effective Date**

This Agreement and Release shall become effective immediately upon Court approval.

11. **Counterparts**

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

DocuSign Envelope ID: 7975BEF4-4560-405E-B848-7768774B7BA6

**PLAINTIFF:**

_DocuSigned by:_
_76D1DA2E1BF74BF..._
**GREGORIO CERCADO**

Date: 02/07/2024

**LARSTRAND:**

_____
**JOSEPH RADER, Agent Authorized to sign on behalf of FRIEDLAND PROPERTIES INC. and LARSTRAND CORPORATION.**

Date:_____

**PLAINTIFF:**

_____

GREGORIO CERCADO

Date:_____

**LARSTRAND:**

_[signature]_
_____
JOSEPH RADER, Agent Authorized to sign on behalf of FRIEDLAND PROPERTIES INC. and LARSTRAND CORPORATION.

Date: 7/3/24

4