UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORIO CERCADO, *individually and on behalf of all others similarly situated*,

               Plaintiff,

– against –

FRIEDLAND PROPERTIES INC., LARSTRAND CORPORATION, AMAURY LOPEZ, *and* ANTHONY TORRES,

               Defendants.

**OPINION & ORDER**

23-cv-08137 (ER)

Ramos, D.J.:

    Gregorio Cercado filed this action on September 14, 2023. Doc. 1. He alleged that Defendants violated the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). *Id.* ¶¶ 53–73.

    Cercado, on behalf of all parties, has now moved for approval of the parties' proposed settlement. Doc. 21. The motion is GRANTED.

**I.  LEGAL STANDARD**

    In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their

respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Id*. (internal quotation marks and citation omitted).

Courts may reject a proposed FLSA settlement if the parties do not provide the basis for the recovery figure, if they fail to include documentation supporting the reasonableness of the attorney fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

## II.   DISCUSSION

### A.  Range of Recovery

In this case, the proposed settlement agreement provides for a total recovery of $40,000. Doc. 21 at 3. Cercado's counsel will receive around 34% of that sum in attorney fees and costs—a total of $13,601.34. *Id.* at 4–5. Cercado will receive $26,398.66. *Id.*

Cercado estimates that his best possible recovery at trial would be in the range of $130,000. *Id.* at 2. The proposed settlement amount that Cercado will receive thus represents around 20.3% of his maximum recovery.

The Court finds that the proposed amount is fair and reasonable. *See Aly v. Dr. Pepper Snapple Grp., Inc.*, No. 18 Civ. 4230 (FB) (LB), 2019 WL 3388947, at *2 (E.D.N.Y. June 13, 2019) (finding that settlement awarding FLSA plaintiffs 20% of maximum recovery was reasonable given "potential obstacles to any recovery"), *report and recommendation adopted*, 2019 WL 3388925 (E.D.N.Y. July 26, 2019); *see also Khan v. Young Adult Inst., Inc.*, No. 18 Civ. 2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases of reasonable FLSA settlements ranging from 25% to 40% of plaintiff's maximum recovery). The settlement will provide value insofar

as it allows Cercado to receive payment without the risks and delays inherent in litigation. *See Animucka v. Singer*, No. 20 Civ. 7867 (ER), 2022 WL 16908279, at *2 (S.D.N.Y. Oct. 21, 2022). Cercado's motion notes that there were factual disputes about the number of hours Cercado worked each week and the amounts paid to him. Doc. 21 at 2. There were also legal disputes about how to calculate the potential overtime owed to him and how to calculate any penalties for his claim that he did not timely receive his wages. *Id.*

"Furthermore, the adversarial nature of a litigated FLSA case is typically an adequate indicator of the fairness of the settlement, and '[i]f the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.'" *Palma Flores v. M Culinary Concepts, Inc.*, No. 19 Civ. 1229 (ER), 2019 WL 6683827, at *2 (S.D.N.Y. Dec. 6, 2019) (alteration in original) (citation omitted). Given the aforementioned risks and uncertainties of litigation, the settlement resolves *bona fide* disputes and reflects a reasonable compromise that fairly compensates Cercado. *See Garcia v. Good for Life by 81, Inc.*, No. 17 Civ. 7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that settlement amount was a "reasonable compromise of disputed issues" (citation omitted)). Finally, this settlement resulted from arm's length negotiations in which the parties were represented by experienced labor and employment attorneys. Doc. 21 at 4. Accordingly, the Court finds that the proposed settlement amount is fair and reasonable.

### B. Attorney Fees and Costs

The Court further concludes that the proposed attorney fees and costs are reasonable. Cercado's counsel will receive $13,601.34 for fees and costs, which is about 34% of the total settlement. *Id.* at 5. The amount requested in attorney fees is $13,199.34, which is approximately one-third of the net settlement amount after deducting litigation costs. *Id.* That percentage is reasonable, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo*

*v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019).  Nonetheless, "courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.*  "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

Cercado's counsel has submitted billing records for three attorneys from Helen F. Dalton & Associates, P.C.:  (1) Roman Avshalumov, the firm's senior managing attorney, whose proposed rate is $425 per hour; (2) James O'Donnell, head of the firm's labor law practice group and managing attorney, whose proposed rate is $250 per hour; and (3) Katelyn M. Schillaci, an associate, whose proposed rate is $175 per hour.  Doc. 21-2 at 1–2.  Counsel has also submitted billing records for bilingual paralegal services, with a proposed rate of $75 per hour.  *Id.*

First, the Court finds that Avshalumov's $425 per hour rate is reasonable.  *See Morales v. J&M Deli Corp.*, No. 22 Civ. 04394 (ER), 2023 WL 8483007, at *2 (S.D.N.Y. Nov. 22, 2023) (approving $425 hourly rate for Avshalumov); *see also, e.g.*, *Bin Gao v. Jian Song Shi*, No. 18 Civ. 2708 (ARR), 2021 WL 1949275, at *17 (E.D.N.Y. Apr. 30, 2021) (noting that several recent decisions had approved hourly rates of $300 to $450 for partners); *Rodriguez v. 3551 Realty Co.*, No. 17 Civ. 6553 (WHP), 2017 WL 5054728, at *3 (S.D.N.Y. Nov. 2, 2017) (stating that although an hourly rate of $450 for partners is "somewhat higher than the presumptively reasonable rates in this District [in 2017], [it is] not beyond the pale").  Avshalumov's hourly rate is commensurate with similarly experienced senior attorneys in the field.

Second, the Court concludes that O'Donnell's $250 per hour rate is also reasonable.  *See Morales*, 2023 WL 8483007, at *3 (approving $250 hourly rate for O'Donnell); *Pinto v. Midway Grocery, Corp.*, No. 21 Civ. 00778 (JMW), 2022 WL 20537490, at *6 (E.D.N.Y. Oct. 14, 2022) (same).

Third, the Court finds that Schillaci's $175 per hour rate is reasonable as well. *See Gamero v. Koodo Sushi Corp.*, 328 F. Supp. 3d 165, 174–75 (S.D.N.Y. 2018) (concluding that two associates were entitled to $250 hourly rate); *Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15 Civ. 112 (PAE), 2015 WL 7736551, at *3 (S.D.N.Y. Nov. 30, 2015) (finding that $175 hourly rate was appropriate for "inexperienced associates").

Finally, the Court concludes that the $75 per hour rate for paralegal services is reasonable. "Hourly rates for paralegals of $100 to $150 per hour are typical for awards in this [d]istrict." *Diaz-Caballero v. Midtown Catch Corp.*, No. 18 Civ. 4672 (AT), 2020 WL 8880944, at *2 (S.D.N.Y. Apr. 15, 2020) (alteration in original) (citation omitted); *see also Morales*, 2022 WL 8483007, at *3 (approving $75 hourly rate for paralegal).

Counsel's records indicate that the firm spent a total of 45.1 billable hours on this matter. Doc. 21-2 at 1. Avshalumov spent 23.3 hours on the case at a $425 hourly rate. *Id.* O'Donnell spent 5.8 hours on the case at a $250 hourly rate. *Id.* Schillaci spent 5.5 hours on the case at a $175 hourly rate. *Id.* And there were 10.5 hours for paralegal services at a $75 hourly rate. *Id.* Counsel's total lodestar, therefore, is $13,102.50. Counsel seeks a total of $13,601.34 in attorney fees and costs, $13,199.34 of which represents attorney fees. Doc. 21 at 5. The lodestar of $13,102.50, compared to the requested $13,199.34 of the settlement (net of costs) results in a lodestar multiplier (net of costs) of around 1.01. Courts in this District have recognized that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). Accordingly, the Court accepts the multiplier of 1.01 and concludes that the requested $13,601.34 in attorney fees and costs is reasonable.[1]

---

[1] Counsel for Cercado states that its lodestar is $12,140. Doc. 21-2 at 3. This total appears to omit the fees ($962.50) attributable to Schillaci. The addition of those fees results in a lodestar of $13,102.50. And in any event, counsel's asserted lodestar of $12,140 would result in a lodestar multiplier of around 1.09, which would also be reasonable.

### C. Other Provisions

The Court finds all other provisions of the settlement agreement to be fair and reasonable, as it includes no objectionable release, non-disparagement, or confidentiality provisions. Doc. 21-1; *see Doe v. Solera Cap. LLC*, No. 18 Civ. 1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021). With respect to Cercado's obligations under the agreement, the release appropriately discharges only causes of action and claims based on the facts alleged in the complaint, specifically including FLSA and NYLL claims. Doc. 21-1 § 6; *see Farez v. JGR Servs., Inc.*, No. 21 Civ. 8205 (KMK), 2023 WL 8827576, at *5 (S.D.N.Y. Dec. 21, 2023) (approving similar release); *see also Solera Cap.*, 2021 WL 568806, at *1 (noting that "factors that preclude approval include the presence of an overly broad release that waives claims beyond those related to wage-and-hour issues"); *Lopez*, 96 F. Supp. 3d at 181 (explaining that courts typically reject broad releases that "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues"). The agreement contains no non-disparagement or confidentiality provisions. *See generally* Doc. 21-1.

### III. CONCLUSION

For the foregoing reasons, the motion for settlement approval is GRANTED. The Clerk of Court is respectfully directed to terminate the motion, Doc. 21, and close the case.

It is SO ORDERED.

Dated: July 10, 2024
       New York, New York

                                            EDGARDO RAMOS, U.S.D.J.